Audie Ray HARVEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14461.

Court of Criminal Appeals of Oklahoma.

July 30, 1969.

Rehearing Denied Sept. 17, 1969.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale Crowder, Asst. Atty. Gen., for defendant in error.

. BRETT, Presiding Judge.

This is an appeal from a plea of guilty to a charge of second degree burglary entered before the District Court of Garvin County, Oklahoma. Plaintiff in error, hereafter referred to as defendant, was given a preliminary hearing in the County Court of Garvin County on October 26, 1966, when he appeared without counsel, waived the reading of the complaint, and the preliminary hearing. He was arraigned in the District Court on October 27th, without counsel and entered his plea of guilty; and after the court explained his constitutional rights to him, he was sentenced to serve five years in the state penitentiary.

Subsequently, counsel was obtained for the defendant and on November 7, 1966, a motion for new trial was filed in the District Court which set forth four citations of error, which are summarized: defendant had no counsel; he was coerced into entering a plea of guilty; he was assured a lawyer would do him no good, and that he did not need a lawyer; and lastly that defendant's constitutional rights had been denied him. On the same date counsel filed for defendant a "notice of intention to appeal and order for casemade." Thereafter, on defendant's motion on March 27, 1967, the court ordered defendant returned from the penitentiary to be present for a hearing on the motion for a new trial to be had on April 7, 1967. Commencing at 1:30 P.M. on April 7th the hearing was held on defendant's motion.

At the hearing two witnesses were sworn and testified for the defendant, those being the defendant and his wife, at the request of the Court, the County Attorney who prosecuted defendant, Mrs. Hildred Meinders, was sworn as a witness. The substance of defendant's contention was that prior to his preliminary hearing he was told an attorney would do him no good, and was informed, or at least lead to believe

that the county attorney would recommend a suspended sentence for him; and because he was anxious to get out of jail, he entered his plea of guilty.

■ This Court held in Pierce v. State, Okl.Cr., 394 P.2d 241:

"The granting and denying of permission to withdraw a plea of guilty and substitute a plea of not guilty is a matter within the sound discretion of the trial court and its action will be upheld unless an abuse of such discretion clearly appears from the record."

Title 22 Okl.St.Ann. § 517, provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."

Consequently, the sole question presented in this appeal is: Did the trial judge abuse his discretion, when he refused to permit the defendant to withdraw his plea of guilty and substitute a plea of not guilty when the motion for new trial was heard? As we view the record the trial judge did not abuse his discretion in this matter.

■ The record clearly reflects that the trial court did explain defendant's constitutional rights to him at his arraignment on October 27, 1966. Defendant admitted that he was 26 years of age, a highschool graduate, and a truck driver for the former City Manager of Norman, Mr. Joe Perry; and, at the time of his arrest was working at a service station. His right to an attorney was explained, as well as his other rights including that of a 48 hour delay in having sentence passed, but the defendant waived all those rights and elected to enter a plea of guilty and have sentence passed immediately.

■ While it is a well established rule that the court is not bound by any promise of recommendation of sentence made by the prosecutor, we observed the only substantiation of defendant's contention, that he was promised a suspended sentence, is the defendant's own statement and that of his wife reflecting what the defendant told her on the telephone. As the court pointed out at the conclusions of the hearing on the motion for new trial, "He was asked if he had anything to say before sentence was pronounced and he made the statement, and this is from the record, he said, 'No, I did wrong. I'm guilty.'" Had defendant any misgivings concerning a suspended sentence, the time for him to have made such known was at that time, but he did not do so. We observe also, the only support offered that the defendant had been intoxicated the five days before he was arrested, and that he did not clearly understand what was transpiring, was the statement of defendant himself.

■ Abuse of discretion by a trial court is any unreasonable, unconscionable and arbitrary action taken without proper consideration of the facts and law pertaining to the matter submitted. In this case, the record clearly reflects that the trial judge meticulously explained to the defendant the constitutional rights he was entitled to exercise. In the process, the defendant waived such rights and accepted the sentence of the trial court. We observe also from the record made at defendant's arraignment when he was sentenced, that the trial judge not only asked the county attorney for her recommendation for sentence, but the court went further and asked for some explanation and substantiation for her recommendation. The county attorney explained that her recommendation resulted from other charges which were pending against the defendant, which would be dropped on the basis of the five year sentence. On that basis, three other charges which had been lodged against the defendant were dismissed with prejudice, including one charge lodged in Cleveland County. Consequently, we cannot accept the defendant's complaint in this appeal that the trial court abused its discretion, in denying the motion for new trial.

■ Likewise, we are of the opinion that the second proposition of defendant's brief is not well taken. In that proposition defendant contends he was denied the right

to be represented by effective counsel. It has long been held that a defendant may waive any of his constitutional rights, so long as he does so intelligently and with knowledge of the consequence of his actions. In this case there is nothing in the record which shows anything to the contrary, concerning this defendant. See: Gaddy v. District Court of Stephens County, Okl.Cr., 436 P.2d 239, and Ex parte Smith, 83 Okl.Cr. 199, 174 P.2d 851.

We are therefore of the opinion that the defendant herein was properly advised of his constitutional rights, which he knowingly waived; and that he intelligently entered his plea of guilty, with full knowledge of what he was doing and the consequences of his plea; consequently, defendant received due process of law in his trial. And further, it is the opinion of this Court that the trial court did not abuse its discretion in denying defendant's motion for new trial and refusal to withdraw the plea of guilty, in that a full and proper hearing was held thereon, with defendant being present, before the court entered its ruling; therefore the judgment and sentence of the trial court should be, and the same is hereby, affirmed. Judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.