Lonnie Joe FULKS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15292.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Leonard G. Geb and Jack N. Shears, Ponca City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Lonnie Joe Fulks, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Kay County for the offense of Larceny of an Automobile; his punishment was fixed at three years imprisonment and from said judg-

ment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on January 6, 1968, Mattie Greene drove her husband's automobile, a 1962 Chevrolet, to a tavern in Blackwell. She parked near the tavern and left the car running while she went in to get her husband. She was inside the tavern approximately ten minutes and observed the defendant, or a person who looked like the defendant, sitting at the bar. She discovered the car missing upon leaving the tavern. She identified a car wrecked near Ponca City as the car that she had left outside the tavern.

Harry Greene, Jr., her husband, identified the wrecked vehicle as his automobile and testified that he had not given permission to the defendant to drive it.

Deputy Cookerly and Wayne Bristow, the owner of a body shop, after testifying as to their background and experience, gave their expert opinions that there was one person in the vehicle at the time of the accident.

Patrolman Harris was called to the scene of the accident near Ponca City and observed the defendant. He testified that the defendant had a cut on his forehead and was limping. He advised the defendant of his constitutional rights and the defendant said that "Jack Haggerty" or "Moriarity" was driving at the time of the accident.

Andy McBrain, the owner of the tavern, testified that the defendant was in his place of business the night in question and left prior to the car being stolen.

Paul Ives testified that he found the defendant near the wrecked automobile shortly after hearing the crash and he saw no one else in the automobile. He testified that J. C. was driving, but ran away. The defendant later said "Moriarity" was driving.

Bobby Baugh, the defendant's cousin by marriage, testified for the defense that he saw the defendant at a drive-in restaurant about 8:45 p. m. on the night in question.

He saw the defendant sitting on the passenger side of a 1962 or 1963 Chevrolet which was being driven by another person.

Charles Fulks, the defendant's brother, testified that the defendant was hitch-hiking to Ponca City and that a light colored 1962 Chevrolet picked him up.

Otis Fulks, the defendant's uncle, testified that he was at the defendant's parent's home in Ponca City on the night in question and that the defendant came by as a passenger in a 1962 or 1963 Chevrolet.

The defendant's first proposition contends that the trial court erred by denying the defendant the right to fully cross-examine witness, Mrs. Greene. The contention is based upon the fact that defense counsel was not allowed to pursue the line of questioning concerning whether or not the defendant was present at the tavern prior to the car being taken.

We have carefully reviewed the entire testimony of Mrs. Greene and are of the opinion that the trial court properly sustained objections to repetitious testimony. The defendant had twice previously elicited from the witness that she could not swear that the defendant was the same person who was in the tavern, but she thought he was (CM 36). We further note that the defendant was placed at the scene by the witness McBrain.

This Court recognizes that the right of proper cross-examination is one of the most important and valuable rights possessed by a defendant. We have previously held that the scope and extent of cross-examination is within the sound discretion of the trial judge. Johnson v. State, Okl.Cr., 386 P.2d 336. We are of the opinion that the trial court did not abuse this discretion in sustaining objections to repetitious questions.

The defendant's next proposition asserts that the trial court erred in admitting the expert testimony of the State's witnesses. The defendant contends that the witnesses Cookerly and Bristow were not qualified to give their opinion as to the

number of persons in the wrecked car. This Court has previously held that:

"In determining whether or not the conclusions or opinions of either an ordinary or an expert witness are admissible, the court may exercise a large measure of discretion. The court may exercise discretion in determining whether a sufficient foundation has been laid to permit a witness to state a conclusion or in determining whether a witness is qualified as an expert."

See Pruitt v. State, Okl.Cr., 290 P.2d 424 (1955).

In the instant case the evidence revealed that the witness Cookerly had attended the Northwest Traffic Institute and had six years experience in investigating accidents. The witness Bristow had been in the automobile repair business for fifteen years and had been to the scene of several hundred accidents.

We are of the opinion that the admissibility of the expert evidence was a matter of discretion of the trial court and further that the defendant has not shown that such discretion was abused. We, therefore, find this proposition to be without merit.

The defendant's final proposition asserts that the District Attorney stated his personal views as to the truthfulness of the testimony of the defendant's witnesses in his closing argument. The District Attorney stated that the defendant's family "tried to frame up a story" and stated: "Don't let them come up here with some trumped up perjury defense."

In the recent case of Williams v. State, Okl.Cr., 475 P.2d 622, we stated in the second paragraph of the Syllabus:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have the right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom."

 We are of the opinion that the District Attorney has a right to express his opinion as to the veracity of the testimony. However, he must be very careful in the language used in doing so. The desire for success should never induce him to endeavor to obtain a verdict by argument based on anything except the evidence in the case and the conclusions legitimately deductible from the law applicable to the same.

This Court does not condone the language used; however, it is difficult to say that the defendant was prejudiced thereby to the extent of requiring reversal. The conflict in the testimony was determined in favor of the State. We are of the opinion that there was competent evidence upon which the jury based their verdict. The punishment assessed by the jury was the minimum provided by law. In view of such a verdict, prejudice is not indicated. The judgment and sentence of the trial court is therefore affirmed.

NIX and BRETT, JJ., concur.