Chester Dale **ROBERTSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–72.

Court of Criminal Appeals of Oklahoma.

April 24, 1974.

Sterling Wallace Weaver, Woodward, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

In the District Court, Woodward County, Case No. CRF–73–30, appellant, Chester Dale Robertson, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in the Second Degree; his punishment was fixed at seven (7) years imprisonment. From said judgment and sentence, he has perfected a timely appeal to this Court.

On June 5, 1973, at approximately 1:15 a.m., Woodward Police Officers Charles Barker, Thomas O. Selman, and Gary Stanley, received a call while on a coffee break, that a silent burglar alarm had gone off at the Craighead Pharmacy. Ron Stevens, of the Moreland Police, accompanied them in response to the call.

At the pharmacy, the officers found the defendant and Sonny Brawner inside. The door to the narcotics cabinet had been broken open and the contents of the cabinet had been dumped into a cardboard box. The defendant was found in the area near this box. Tools were found in the pharmacy that are commonly used in breaking and entering. The owner of the pharmacy testified she had never seen these tools in the pharmacy prior to the break-in. Sonny Brawner was found in the office section of the pharmacy. Both men were arrested and charged. Sonny Brawner had not yet gone to trial when the defendant was tried, nor did Brawner testify in the defendant's case.

In his first proposition of error, defendant asserts the trial court erred in not allowing his Demurrer to the evidence. He claims that the affirmative defense of

entrapment was established, and that the State did not meet its burden of proof of showing beyond a resonable doubt that entrapment did not occur.

The defendant claims that Sonny Brawner, the other defendant arrested, planned this burglary for the purpose of entrapping him. The defendant testified that Sonny set up the burglary, got the defendant to agree to help by acting as a lookout, and then informed Moreland Police Officer Ron Stevens of the plan. Defendant believes Brawner devised this plan in order to get leniency on another charge pending against him in Moreland. However, Ron Stevens, as well as the other two Woodward officers, testified to having no prior knowledge of the burglary and that defendant had not been set up.

In this trial, the State did not dispute defendant's contention that the crime was conceived by Sonny Brawner, and that he approached the defendant and persuaded defendant to help carry out the crime. However, for this to be an entrapment of the defendant, Brawner must have been working as an agent or decoy of the police. The three police officers testified that they had no prior knowledge of the crime. They further testified that Brawner appeared to be very shocked and surprised by the arrival of the police.

Striplin v. State, Okl.Cr., 499 P.2d 446 (1972), holds that when the defense of entrapment is raised, the burden is on the State to prove beyond a reasonable doubt that entrapment did not occur; and unless the facts are undisputed, the question of entrapment is for the jury to decide (Riddle v. State, Okl.Cr., 373 P.2d 832 [1962]). Therefore, it was up to the jury to decide whether or not the police had been involved with Sonny Brawner in an attempt to catch the defendant committing this crime. The jury chose to believe the testimony of the officers. We feel there was sufficient evidence upon which such a conclusion could be based.

■ For the purposes of this opinion, we will consider defendant's second and third assignments of error together. The second assignment of error argues that the prosecuting attorney committed error when he stated, in his closing argument:

> "I figured the defendant was going to lie and . . . that is exactly what happened, the defendant did misrepresent the truth from the stand and Ron Stevens proved it."

The District Attorney has a right to express himself as to the veracity of the testimony. Fulks v. State, Okl.Cr., 481 P.2d 769 (1971). However, we do not feel the District Attorney should tell the jury in absolute terms that the defendant lied on the stand. The version they choose to believe is strictly for the jury's unbiased determination. As stated in *Fulks,* supra, "This Court does not condone the language used; however, it is difficult to say that the defendant was prejudiced thereby to the extent of requiring reversal . . . ."

■ In the instant case, and in light of the defendant's third proposition that the punishment imposed was excessive since the co-defendant received a four year sentence, three years of which were suspended, we are of the opinion that justice would best be served by modifying the judgment from a term of seven (7) years imprisonment, to a term of three (3) years imprisonment.

Prosecuting attorneys should bear in mind that although they have wide latitude in closing argument, a positive assertion that the defendant lied on the stand may, in a close case, require reversal, since it is the province of the jury to determine the truth or falsity of the testimony of the witnesses appearing before them.

For all of the above and foregoing reasons, the judgment and sentence appealed from is modified from a term of seven (7) years imprisonment, to a term of three (3) years imprisonment, and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.