Arthur James **RAYMOND,** and Mickey Lynn **Raymond,** Appellants,

v.

**STATE** of Oklahoma, Appellee.

Nos. F–84–316, F–84–317.

Court of Criminal Appeals of Oklahoma.

April 14, 1986.

Rehearing Denied May 22, 1986.

Thomas Purcell, Asst. Appellant Public Defender, Norman, for appellants.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Arthur James Raymond, and his wife, Mickey Lynn Raymond, were jointly charged, tried and convicted in the District Court of LeFlore County, Case No. CRF–83–246 for the offense of Child Abuse. They were each sentenced to five (5) years imprisonment. Although the appellants have filed separate appeals before this Court, we order the cases consolidated. We affirm.

This case arose from an incident in August, 1983, which left twenty-six month old Jonathan Fossey critically injured. The chronology of the case reveals the following: On August 11, 1983, Jonathan was treated and released at the LeFlore Memo-

rial Hospital in Poteau for symptoms associated with the flu. Dr. Richard Allen Dodson was the examining physician. He testified that the child was suffering from a slight fever, diarrhea, nausea and drowsiness; however, he discovered no physical injuries on the upper portion of Jonathan's body, which he carefully examined. The following day, a Friday, Jonathan's mother asked the appellants to keep her son, as she was ill. On the following Monday, August 15, appellant Mickey Lynn Raymond transported Jonathan to the hospital. He was admitted in a semi-comatose state. According to medical testimony, Jonathan had suffered a cerebral hemorrhage. The injury was not the result of a brain tumor or physical abnormality, but was the result of a blow to the head. Over two dozen bruises covered the child's body, one of which was in the shape of a hand. Bruises were found on the child's ears, indicating he had been lifted by the ears. A bruise was also discovered on his jaw. Medical testimony indicated the child had suffered the brain hemorrhage within the past twelve to twenty-four hours, and that the bruises were not over three days old. Testimony also revealed the appellant had exclusive custody and control over the child from August 11th to August 15th.

The appellants each testified that Jonathan bruised easily; that he had been spanked on several occassions over the weekend, but not severely; and that he had suffered two falls over the weekend, one when appellants' family was taking a walk and the second from a kitchen sink. Medical testimony discounted the claim that Jonathan was easily bruised, and evidence was presented that the appellants' explanations of Jonathan's injuries were incompatible with the medical evidence.

## I.

■ Appellants first claim insufficient evidence was produced by the prosecution to support the jury's findings of guilt. We previously addressed this same argument, in a case involving similar facts, in *Rice v.*

*State,* 666 P.2d 233 (Okl.Cr.1983). In that case, we wrote:

Appellant first assigns error to the trial court's refusal to sustain his demurrer at the close of the State's case. The State relied solely upon circumstantial evidence to prove the crime charged, and the appellant correctly points out that a conviction upon circumstantial evidence cannot be sustained unless the proof presented excludes every reasonable hypothesis except that of guilt. *Roth v. State,* 532 P.2d 1397 (Okl.Cr.1975). We held in *Tharps v. State,* 555 P.2d 1054, 1058 (Okl.Cr.1976) that:

where there is any competent evidence in the record which constitutes a chain of circumstances which reasonably support the allegations in the indictment the trial court should not sustain a demurrer to the evidence. (Citations omitted.)

Appellant asserts that the child could have been injured while playing with her toys. The doctors' testimony agreed that the injuries were consistent with the Child Abuse Syndrome and that the circular pattern of bruising around the rectum was not consistent with accidental injury caused by a child's toy. Further, appellant's wife testified that appellant had been alone with the child on several occasions. These occasions provided sufficient time in which the injuries could have been inflicted. There is competent evidence which constitutes a chain of circumstances which reasonably supports the allegations of the indictment. The trial court did not commit error in overruling appellant's demurrer.

Appellant next contends that the jury verdict was not sustained by the evidence. We have stated on numerous occasions that it is not the function of this Court to again weigh the evidence. In *Jones v. State* 468 P.2d 805, 807 (Okl.Cr. 1970), we stated:

Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere

with the verdict, ... since it is the exclusive province of the jury to weigh the evidence and determine the facts. (Citation omitted.)

*See, Neal v. State,* 529 P.2d 526 (Okl.Cr. 1974). Therefore, appellant's second proposition of error is without merit.

*Id.* at 234–5. In the instant case, Jonathan was in the exclusive custody of appellants for some four days. According to the evidence presented by the State, it was during the four day period that Jonathan received the injuries which resulted in his hospitalization. The appellants' explanations for the various injuries were wholly inconsistent with the medical testimony presented, which showed Jonathan a victim of child abuse. This assignment of error is therefore without merit. *Cf. Coon v. State,* 587 P.2d 1373 (Okl.Cr.1978) (defendant had custody of child in question over a five-day period, and at the conclusion of that period of time, the child was discovered unconscious and injured; evidence of guilt for child abuse was characterized by this Court as "overwhelming").

## II.

Appellants next claim that the State improperly admitted evidence of other crimes, "no doubt ... attempting to portray the Appellant[s] as ... drug addict[s]." *Briefs of Appellants* at 11. The challenged evidence involved an examining physician's testimony that the presence of Talwin, a controlled pain-killer, was found in Jonathan's body. The doctor testified the drug had been ingested during the preceding twenty-four hours prior to his admission at the hospital. Because of its potency, Talwin is rarely, if ever, prescribed for small children, according to medical testimony.

■ We first note that no objection was taken by either appellant to the admission of this evidence; accordingly, any error connected with the evidence is waived for purposes of appeal. *See Walker v. State,* 608 P.2d 1156 (Okl.Cr.1980). Furthermore, evidence which incidentally emerges as part of the same transaction as the alleged criminal misconduct is not sub-

ject to the rule prohibiting admission of other crimes evidence, as codified at 12 O.S. 1981, § 2404. *See Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980). We have previously held that when a child of tender years is under the exclusive domination of an adult for a definite period of time, the separate acts of abuse during that period constitute a single transaction. *Cf. Huddleston v. State,* 695 P.2d 8 (Okl.Cr.1985). *See also id.* at 12 (Parks, P.J., specially concurring). The abuse suffered by Jonathan occurred between August 11 and 15, 1985. Also during this period, the child ingested the drug Talwin. The evidence of this ingestion of drugs therefore was properly admitted as part of the same transaction. This assignment of error is without merit.

## III.

Appellants next claim that their trial was tainted by prosecutorial misconduct. Appellants' argument falls into two categories: Improper comments by the prosecutor in closing argument; and error occurring during the voir dire.

■ Addressing the former argument, we discover that neither appellant objected to the alleged misconduct in closing argument; therefore, in the absence of fundamental error, the right to raise the issue on appeal is waived. *See Glass v. State,* 701 P.2d 765 (Okl.Cr.1985). Furthermore, we have examined the record for fundamental error, and we find no such error in the prosecutor's comments. This first argument is therefore without merit.

■ Regarding the alleged error in voir dire, the appellants' first claim the prosecutor committed reversible error when he alluded to a "love triangle" between the appellants and Jonathan's mother. However, the trial court in this case sustained the appellants' objections to the comment, and admonished the jury. We have long held that an admonishment cures any error, except those that would determine the outcome of the case. *Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.1973). We

deem this alleged error cured by the trial court's action. Nor do we consider the prosecutor's introductory remarks, in which he related to the jury his personal background,[1] necessarily prejudicial or improper in the context of this case.

This assignment of error is without merit.

### IV.

■ The final assignment of error relates only to appellant Arthur Raymond, and was raised by him in his brief. He claims the trial court erred in permitting the prosecution to reveal that Jonathan's mother was ill during the weekend in question due to her alleged miscarriage of appellant Arthur Raymond's child. Although this evidence was totally irrelevant to this case, it was not so prejudicial as to require reversal of Arthur Raymond's conviction. This assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.

---

1. The prosecutor stated: "Before we start the case, I'd like to tell you a little bit about myself since we're going to be spending the afternoon and part of tomorrow here. I just graduated from law school, and passed the Bar. Been in the D.A.'s office since June 15th. I came from the Gilmore area and school in Cameron. So, I'm back now among you in the practice of law, and I'm pleased to be in the District Attorney's office.