**Alfred Lee WALL, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–96.**

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1987.

749

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Alfred Lee Wall, was tried and convicted in the District Court of Cleveland County for the crimes of Burglary in the First Degree, After Former Conviction of a Felony, Count I, and Rape in the First Degree, After Former Conviction of a Felony, Count II, in Case No. CRF–84–

448 and was sentenced to twenty (20) years imprisonment on Count I, and sixty (60) years imprisonment on Count II, and he appeals.

Briefly stated the facts are that on December 11, 1983, appellant burglarized L.K.'s mobile home in Moore, Oklahoma and raped her. Subsequently, on December 15, 1983, appellant was stopped for speeding, and a routine license check revealed that appellant had an outstanding parole violation. After appellant was arrested and informed of his rights, he was transported to the Oklahoma City jail. The next day appellant was linked to the crimes against L.K. by some jewelry he had in his possession bearing L.K.'s name. The appellant told the officers that he met L.K. at the rodeo and that she was a prostitute. He told them that he went to her mobile home where they drank beer and had consensual sex, and that he left with some of her jewelry which he was to sell for her. However, at trial, appellant altered his story and testified that he received the jewelry a few days after the crimes occurred from Johnnie Lee Osborne, now deceased. Deputy Richard Thurman from the Oklahoma City jail testified that Johnnie Lee Osborne was confined in his jail from November 11, 1983, to December 30, 1983.

For his first assignment of error appellant asserts that his Fourteenth Amendment Due Process rights were denied when the State refused to provide him with material evidence specifically requested by him. Specifically, he complains that the State deliberately withheld evidence regarding Johnnie Lee Osborne's incarceration in the Oklahoma County jail at the time of the crimes, and that if he had known of this fact he would not have relied upon the line of defense he chose at trial. The State, on the other hand, contends that it turned over all information it had at the time the trial court sustained appellant's motion to produce. The State further maintains that it discovered that Johnnie Lee Osborne was in jail during the time in question by calling around to local jails after the trial had begun.

In *Nauni v. State*, 670 P.2d 126, 133 (Okl.Cr.1983), this Court held that ... "[E]vidence must be material to either guilt or to punishment before it is discoverable." The testimony of Richard Thurman concerning Osborne's incarceration was not exculpatory or mitigating, but rather rebutted appellant's prevarication and totally discredited his defense. Furthermore, the evidence was made available to the jury, and appellant was given full opportunity to explore Thurman's testimony at trial. This was sufficient to vindicate appellant's rights. *Id.* Therefore, we find no error.

Appellant next alleges that he received an excessive sentence and was denied his right to a fair trial due to the improper commentary of the prosecution. We disagree. By failing to object to the alleged improper comments, appellant has waived all error except that of a fundamental nature. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980). We have reviewed the record for fundamental error and find that the comments are reasonable inferences arising from the evidence and did not adversely affect the fundamental fairness of the trial. *Penn v. State*, 684 P.2d 562 (Okl.Cr.1984). Moreover, in light of the serious nature of the crimes in the present case, and appellant's past criminal record, we cannot say that the sentences shock the conscience of this Court. *Edwards v. State*, 663 P.2d 1233 (Okl.Cr.1983). This assignment is groundless.

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in part/dissents in part.

PARKS, Judge, concurring in part/dissenting in part:

Although I agree with the majority's affirmance of the minimum twenty (20) year sentence of imprisonment for Count I, I respectfully dissent from the determination that certain comments made by the prosecutor were reasonable inferences from the evidence and did not adversely affect the fundamental fairness of the appellant's six-ty (60) year sentence on Count II. As a part of his closing argument, the prosecutor told the jury, "[The appellant] is a liar, and you have no reason to believe him." This Court has repeatedly condemned the practice of calling a criminal defendant a liar. *Cobbs v. State*, 629 P.2d 368 (Okl.Cr. 1981); *Cooper v. State*, 584 P.2d 234 (Okl. Cr.1978); *Lewis v. State*, 569 P.2d 486 (Okl. Cr.1977); *Dupree v. State*, 514 P.2d 425 (Okl.Cr.1973); *Ray v. State*, 510 P.2d 1395 (Okl.Cr.1973). In *Dupree*, Judge Bussey said:

> In dealing with a similar proposition in the recent case of *Ray v. State*, Okl.Cr., 510 P.2d 1395, we stated:
>
> "This argument was highly improper and should have been stopped by the trial judge and the jury advised to disregard it. Although counsel, in closing argument may comment upon the evidence in the case and logical inferences therefrom, he may not inject his personal opinion or beliefs, nor may he speculate as to future criminal proceedings, nor state that witnesses have committed perjury absent a judgment of perjury. See 50 A.L.R.2d 766.

*Id.* at 426–427.

Furthermore, the prosecutor also told the jury that by assessing a lengthy sentence, the jury could "hang a sign down here in Cleveland County and in this State that says we don't abide by [criminal conduct]," and which would serve "as a warning to others similarly situated." We condemned a very similar "signpost" argument in *Cobbs v. State, supra,* and have often condemned arguments which play on societal alarm and which ask the jury to "set an example." *Cooper v. State, supra; Bennett v. State*, 546 P.2d 659 (Okl.Cr.1976); and *Robertson v. State*, 521 P.2d 1401 (Okl. Cr.1974).

Finally, the prosecutor repeatedly inflamed the passions of the jury by stating that the prosecutrix was mad, that he personally was mad and that the jury should "get mad." The prosecution's "get mad" theme ran throughout closing argument and was reminiscent of the "opportunity to be mean" arguments which resulted in a

sentence modification in *Sier v. State,* 517 P.2d 803 (Okl.Cr.1973). Expressions of personal prosecutorial outrage have also been condemned by this Court. *Hildahl v. State,* 536 P.2d 1292 (Okl.Cr.1975).

As we stated in *Cooper v. State, supra:*

These tactics—calling defendants liars, playing on societal alarm, invoking the jurors to set an example or instilling in their minds the impression that they are somehow accountable for the rising crime rate—are as reprehensible as they are familiar. Because they thwart the basic principle that the role of the jury is to determine only the guilt or innocence of an accused, they are offensive to a sense of justice and intolerable to this Court. These practices constituted error in *Robertson v. State,* Okl.Cr., 521 P.2d 1401 (1974); in *Herrod v. State,* Okl.Cr., 512 P.2d 1401 (1973); and in *Sizemore v. State,* Okl.Cr., 507 P.2d 1330 (1973). Furthermore, in our opinion such unfair arguments violate the American Bar Association's Standards Relating to the Prosecution Function, adopted in *Ray v. State,* 510 P.2d 1395 (1973).

*Id.* at 239.

The fact that the appellant failed to object to the prosecutor's remarks does not bar relief where the remarks were so pervasive as to constitute fundamental error. *Cobbs v. State, supra; Bennett v. State, supra;* and *Dupree v. State, supra.* In this case, the evidence of appellant's guilt was substantial and reversal is not appropriate. However, the jury's imposition of a sixty (60) year sentence on Count II may well have been influenced by the improper argument. Accordingly, I would modify the appellant's sentence from a term of sixty (60) years imprisonment to a term of forty-five (45) years imprisonment on Count II.