SHAW v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SHAW v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SHAW v. STATE
2021 OK CR 33
Case Number: F-2020-290
Decided: 10/14/2021
JACKIE RAY SHAW, JR., Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2021 OK CR 33, __ __

 

 

O P I N I O N

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Jackie Ray Shaw, Jr., was tried and convicted by a jury in Oklahoma County District Court, Case No. CF--2018--4303, of Count 1: Robbery with a Dangerous Weapon, After Former Conviction of Two or More Felonies, in violation of 21 O.S.2011, § 801; and Count 2: Kidnapping for the Purpose of Extortion, After Former Conviction of Two or More Felonies, in violation of 21 O.S.2011, § 745.[1] The jury recommended a sentence of twenty years imprisonment for each count. The Honorable Ray C. Elliott, District Judge, presided at trial and sentenced Shaw in accordance with the jury's verdicts. Shaw must serve 85% of the sentence imposed on Count 1 before becoming eligible for parole. 21 O.S.Supp.2015, § 13.1(8). Judge Elliott further ordered the sentences to run concurrently, granted Shaw credit for time served, and imposed various costs and fees.

¶2 Shaw now appeals, alleging three propositions of error on appeal:

I. THE STATE COMMITTED PROSECUTORIAL MISCONDUCT THROUGH IMPROPER CLOSING ARGUMENT, THUS DEPRIVING [APPELLANT] OF A FAIR TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION AND ARTICLE II, § 7 OF THE OKLAHOMA CONSTITUTION;

II. THE OTHER BAD ACTS EVIDENCE IN THIS CASE WAS IMPROPERLY ADMITTED IN VIOLATION OF OKLA. STAT. TIT. 12, § 2404(B) AND THE DUE PROCESS CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS; and

III. TRIAL ERRORS, WHEN CONSIDERED IN A CUMULATIVE FASHION, WARRANT A NEW TRIAL.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

FACTS

¶4 On the evening of August 29, 2018, Appellant robbed and kidnapped Holly Harper in northwest Oklahoma City. Harper and Appellant, both drug users, were acquainted through a mutual friend. Earlier in the day, Harper had run into Appellant while hanging out in a parking lot near 27th and Pennsylvania Avenue. Appellant approached Harper and asked if she wanted to "get high," Harper said "yeah," and the two rode to Harper's house in a black SUV driven by Appellant. At the house, the pair shared some crack, and afterward, Appellant left.

¶5 Later that evening at 6:30 p.m., Appellant returned to Harper's house, forced open the door, and put a knife to Harper's abdomen. Appellant threatened Harper's life, her son's life, and her dog's life. Appellant inquired where Harper's purse and debit card were and walked Harper into her bedroom to retrieve the necessary items. Appellant took Harper's purse, three phones, and debit card. Appellant then held Harper at knifepoint and told her to get in the black SUV. In the SUV, Appellant asked where a bank was, and Harper directed him to a nearby IBC bank. The pair arrived at the bank between 6:47 and 6:49 p.m. Harper told Appellant she did not have any money in her account. Undeterred, Appellant attempted to withdraw money from the account, but was unsuccessful. Appellant then drove Harper to a nearby Dollar Tree.

¶6 At the Dollar Tree, while Appellant was grabbing a few items, Harper devised a plan to hide from Appellant in the back storage room near the bathroom. She told Appellant she needed to use the restroom, proceeded back there, and hid. She stayed there until Dollar Tree employee, Charlotte Lamberson, told her she could not be back there because the bathrooms were out of order. Harper left the back area and went to the front of the store, where she then hid behind a cash register, curled up in a ball and shaking with fear. Lamberson went over to speak with her and Harper reported that "there was somebody that was trying to kill her and . . . she ran in the store to get away from him." By this time, Appellant had left the store. Lamberson called 9-1-1 and handed the phone to Harper. Harper reported the robbery and kidnapping and also informed the emergency dispatcher that Appellant was wearing an ankle monitor. Police arrived while Harper was speaking with the dispatcher.

¶7 At 7:03 p.m., the software monitoring Appellant's ankle monitor showed the ankle monitor had been tampered with. Appellant's ankle monitor, which had been cut off, was recovered at Pennsylvania Avenue and Mattern. Harper's driver's license, insurance card, and debit card were discovered just a block away, on 48th and Pennsylvania Avenue.

¶8 Appellant testified on his own behalf at trial. Appellant's testimony largely coincided with Harper's and placed the two together, but Appellant denied any wrongdoing. Appellant contended that after smoking crack together at Harper's house, he left the house with Harper's bank card, which she had voluntarily given him, to withdraw money for more drugs. However, Appellant forgot Harper's PIN number by the time he reached the ATM so he drove back to Harper's house and retrieved Harper, who freely accompanied him back to the bank. Appellant asserted it was Harper's idea to go to the Dollar Tree to use her bank card to get "cash back." At the Dollar Tree, however, Harper fabricated the robbery story. Appellant begged Harper not to contact authorities because he was on probation, wearing an ankle monitor, and did not want to go back to prison. Afraid and panicked, Appellant threw Harper's belongings out of his car window along with his ankle monitor. Appellant admitted that he cut off his ankle monitor but could not recall the instrument he used to do so.

¶9 Additional facts will be presented below as necessary.

¶10 Proposition I. Appellant complains the prosecutor "grossly exceeded proper argument" by stating Appellant lied to the jury, making improper commentary on his character, and bolstering the victim's testimony. This Court will not grant relief for prosecutorial misconduct unless, viewed in the context of the entire trial, the misconduct rendered the trial fundamentally unfair such that the jury's verdict is unreliable. Darden v. Wainwright, 477 U.S. 168, 181 (1986) ("The relevant question is whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.") (internal quotation omitted); Tryon v. State, 2018 OK CR 20, ¶ 137, 423 P.3d 617, 654. "[W]e evaluate the alleged misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel." Hanson v. State, 2009 OK CR 13, ¶ 18, 206 P.3d 1020, 1028.

¶11 Our review here is further constrained, however, because none of the challenged comments drew an objection below. Mahdavi v. State, 2020 OK CR 12, ¶ 42, 478 P.3d 449, 460; Chadwell v. State, 2019 OK CR 14, ¶ 9, 446 P.3d 1244, 1247. "To be entitled to relief under the plain error doctrine, [Appellant] must show the existence of an actual error (i.e., deviation from a legal rule), that is plain or obvious, and that affects his substantial rights, meaning the error affected the outcome of the proceeding." Musonda v. State, 2019 OK CR 1, ¶ 6, 435 P.3d 694, 696. "If these elements are met, this Court will correct plain error only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice." Id.; 20 O.S.2011, § 3001.1. Review of the challenged comments does not reveal plain error that deprived Appellant of his substantial rights.

¶12 In response to defense counsel's guilt-stage closing argument, the prosecutor addressed Appellant's character, interest in the outcome of the case, and motivation to lie, accusing him multiple times of lying. While it is proper for a prosecutor to challenge a defendant's veracity, we have held prosecutors should not "tell the jury in absolute terms that the defendant lied on the stand. The version they choose to believe is strictly for the jury's unbiased determination." Robertson v. State, 1974 OK CR 87, ¶ 8, 521 P.2d 1401, 1402. Here, the prosecutor's repeated explicit references to Appellant as a liar, in addition to his commentary on Appellant's character, exceeded the bounds of proper argument. Nonetheless, "error alone is insufficient to require reversal." Bland v. State, 2000 OK CR 11, ¶ 91, 4 P.3d 702, 727. Appellant must also show "that the resulting prejudice from the error was such that reversal is warranted." Id. We find no outcome-influencing error occurred here. See Brewer v. State, 2006 OK CR 16, ¶ 13, 133 P.3d 892, 895. The jury's findings of guilt were overwhelmingly supported by the evidence. The lack of prejudice is further evidenced by the jury's Count III acquittal and the jury's twenty-year sentence recommendations, the minimum sentence allowed on each count. The prosecutor's remarks did not rise to the level of plain error adversely affecting the overall fairness and integrity of the proceedings.

¶13 As to the prosecutor's challenged comments relating to the victim's veracity--which Appellant contends improperly bolstered the victim's testimony--these comments were made in direct response to defense counsel's closing argument questioning the consistency and vagueness of the victim's testimony. Appellant fails to show error, plain or otherwise, from these remarks. Holtzclaw v. State, 2019 OK CR 17, ¶ 39, 448 P.3d 1134, 1148, cert. denied, 140 S. Ct. 1296 (2020) ("[P]rosecutors may respond to points raised in defense closing argument.").

¶14 Having thoroughly reviewed the challenged comments, individually and cumulatively, we find the prosecutor's challenged conduct did not rise to the level of plain error. While some of the argument overreached, the record shows the jurors carefully considered all the evidence against Appellant, acquitting him of one of the charges against him and recommending the minimum sentences permitted. Appellant was not deprived of a fair trial and due process of law by the prosecutor's challenged conduct. Proposition I is denied.

¶15 Proposition II. The State presented evidence at trial that Appellant was wearing an ankle monitor at the time of the crimes that he removed shortly after the crimes. Appellant complains in Proposition II that evidence concerning his ankle monitor was inadmissible other crimes or bad acts evidence. See 12 O.S.2011, § 2404(B). Appellant further asserts the ankle monitor evidence was more prejudicial than probative.

¶16 We have held that "[a]ny criminal conviction obtained through a trial must be based upon evidence establishing that the defendant committed the charged crime(s), rather than evidence of other offenses." Bramlett v. State, 2018 OK CR 19, ¶ 20, 422 P.3d 788, 795 (internal quotations omitted). While wearing an ankle monitor is not per se other crimes evidence, the wearing of an ankle monitor is typically associated with prior criminal behavior and thus carries a stigma. Admission of this type of evidence is usually therefore governed by 12 O.S.2011, § 2404(B). See Vanderpool v. State, 2018 OK CR 39, ¶ 23, 434 P.3d 318, 324 ("[A]n act that is not a violation of the criminal law is governed by § 2404(B) where it carries a stigma that could unduly prejudice an accused in the eyes of the jury."). Under Section 2404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." 12 O.S.2011, § 2404(B).

¶17 Evidence of other crimes may also be admissible if such acts are part of the res gestae of the charged crime. Pickens v. State, 2001 OK CR 3, ¶ 20, 19 P.3d 866, 876; see also Raymond v. State, 1986 OK CR 51, ¶ 6, 717 P.2d 1147, 1150 (noting that the rule prohibiting the admission of other crimes evidence does not apply to res gestae evidence). "Evidence is considered part of the res gestae when (1) it is so closely connected to the charged offense as to form part of the entire transaction; (2) it is necessary to give the jury a complete understanding of the crime; or (3) it is central to the chain of events." Tafolla v. State, 2019 OK CR 15, ¶ 16, 446 P.3d 1248, 1257. "Res gestae are those things, events, and circumstances incidental to and surrounding a larger event that help explain it." Vanderpool, 2018 OK CR 39, ¶ 24, 434 P.3d at 324. Pretrial notice under Burks is not required for properly admitted res gestae evidence. Eizember v. State, 2007 OK CR 29, ¶ 81, 164 P.3d 208, 231. Res gestae evidence also does not require a limiting instruction. Jackson v. State, 2006 OK CR 45, ¶ 28, 146 P.3d 1149, 1160.

¶18 Appellant's timely objections at trial preserved this claim for appellate review. We review the admission of the challenged ankle monitor evidence for an abuse of discretion. Bramlett, 2018 OK CR 19, ¶ 19, 422 P.3d at 795. An abuse of discretion is "'any unreasonable, unconscionable and arbitrary action taken without proper consideration of the facts and law pertaining to the matter submitted.'" Williams v. State, 2008 OK CR 19, ¶ 27, 188 P.3d 208, 217 (quoting Harvey v. State, 1969 OK CR 220, ¶ 9, 458 P.2d 336, 338). Upon review, we find no abuse of discretion.

¶19 The evidence stemming from Appellant's ankle monitor helped complete the story of the case. The challenged evidence thus was properly admitted res gestae evidence. See Hammick v. State, 2019 OK CR 21, ¶ 17, 449 P.3d 1272, 1277 (challenged evidence properly admitted under the res gestae exception because it "gave the jury a more complete understanding of the crime and the chain of events"); Vanderpool, 2018 OK CR 39, ¶ 24, 434 P.3d at 324 ("Res gestae are those things, events, and circumstances incidental to and surrounding a larger event that help explain it."). The tracking data from Appellant's monitor corroborated the victim's testimony as to the chain of events. True, other evidence corroborated these events, however, the challenged tracking data depicted in State's Exhibits 2--5 provided an additional layer of information by visually pinpointing the time and location of the pair's movements, and thus provided the jury a more complete picture of the events. Appellant's act of removing his ankle monitor was relevant to show consciousness of guilt. Appellant's discarded ankle monitor, found near where the victim's abandoned driver's license, insurance card and debit card were recovered, also corroborated the victim's testimony that Appellant stole these items. Further, that Appellant's ankle monitor was cut off provided circumstantial evidence that Appellant possessed a knife as alleged by the victim.[2]

¶20 Appellant's contention that the ankle monitor evidence was more prejudicial than probative is also unpersuasive. The probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. See 12 O.S.2011, § 2403; Hammick, 2019 OK CR 21, ¶ 18, 449 P.3d at 1277 ("The Court gives proposed evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."). The trial court also limited the prejudicial effect of the challenged evidence by requiring the State to avoid the word "probation" and refer to the ankle monitor as "supervision."

¶21 The evidence that Appellant was wearing an ankle monitor was intertwined with the charged offenses. It provided contextual information that gave the jury a more complete understanding of the crimes. The probative value of this evidence outweighed its prejudicial effect. There was no error from its admission, and thus there was no abuse of discretion. Proposition II is denied.

¶22 Proposition III. Appellant claims in his final proposition of error that relief is warranted based on cumulative error. We found in Proposition I that Appellant was not prejudiced by the prosecutor's challenged remarks, and thus there was no plain error. We found no other error. This is simply not a case where numerous irregularities during Appellant's trial tended to prejudice his rights or otherwise deny him a fair trial. Tryon, 2018 OK CR 20, ¶ 144, 423 P.3d at 655; Mitchell v. State, 2016 OK CR 21, ¶ 32, 387 P.3d 934, 946. Proposition III is denied.

DECISION

¶23 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM
THE DISTRICT COURT OF OKLAHOMA COUNTY
THE HONORABLE RAY C. ELLIOTT, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 DANIEL WHITE
 RACHAEL WANT
 ASST. PUBLIC DEFENDERS
 320 ROBERT S. KERR AVE.,
 SUITE 611
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR DEFENDANT

 DANIEL POND
 CARSON TURNER
 ASST. DISTRICT ATTORNEYS
 320 ROBERT S. KERR AVE.,
 SUITE 505
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 AMANDA N. HOLDEN
 ASST. PUBLIC DEFENDER
 320 ROBERT S. KERR AVE.,
 SUITE 400
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR APPELLANT

 
 MIKE HUNTER
 ATTORNEY GENERAL
 HANNAH WHITE
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
  
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR

FOOTNOTES

[1] The jury acquitted Shaw on Count 3--First Degree Burglary.

[2] Appellant testified on his own behalf at trial and admitted that he cut off his ankle monitor. Yet remarkably, he could not recall the instrument he used to do so.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2001 OK CR 3, 19 P.3d 866, 72 OBJ 388, PICKENS v. STATE
Discussed
 1974 OK CR 87, 521 P.2d 1401, ROBERTSON v. STATE
Discussed
 2006 OK CR 16, 133 P.3d 892, BREWER v. STATE
Discussed
 2006 OK CR 45, 146 P.3d 1149, JACKSON v. STATE
Discussed
 2007 OK CR 29, 164 P.3d 208, EIZEMBER v. STATE
Discussed
 2008 OK CR 19, 188 P.3d 208, WILLIAMS v. STATE
Discussed
 2009 OK CR 13, 206 P.3d 1020, HANSON v. STATE
Discussed
 2016 OK CR 21, 387 P.3d 934, MITCHELL v. STATE
Discussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATE
Discussed at Length
 2018 OK CR 20, 423 P.3d 617, TRYON v. STATE
Discussed at Length
 2018 OK CR 39, 434 P.3d 318, VANDERPOOL v. STATE
Discussed at Length
 2019 OK CR 1, 435 P.3d 694, MUSONDA v. STATE
Discussed
 2019 OK CR 14, 446 P.3d 1244, CHADWELL v. STATE
Discussed
 2019 OK CR 15, 446 P.3d 1248, TAFOLLA v. STATE
Discussed
 2019 OK CR 17, 448 P.3d 1134, HOLTZCLAW v. STATE
Discussed
 2019 OK CR 21, 449 P.3d 1272, HAMMICK v. STATE
Discussed at Length
 2020 OK CR 12, 478 P.3d 449, MAHDAVI v. STATE
Discussed
 2000 OK CR 11, 4 P.3d 702, 71 OBJ 1304, Bland v. State
Discussed
 1969 OK CR 220, 458 P.2d 336, HARVEY v. STATE
Discussed
 1986 OK CR 51, 717 P.2d 1147, RAYMOND v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence
Cited
 12 O.S. 2404, Character Evidence Not Admissible to Prove Conduct - Exceptions - Other Crimes
Discussed at Length
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 745, Extortionate Kidnapping - Aiding in Exchange of Money
Cited
 21 O.S. 801, Robbery or Attempted Robbery with Dangerous Weapon or Imitation Firearm - Punishment
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA