SPRUILL v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:SPRUILL v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SPRUILL v. STATE
2018 OK CR 25
Case Number: F-2016-629
Decided: 07/19/2018
ETHAN JOHNSON SPRUILL, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 25, __ __

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Ethan Johnson Spruill, was tried by a jury and convicted in Cleveland County District Court, Case No. CF-2014-322, of First Degree Manslaughter, in violation of 21 O.S.2011, § 711(2).[1] The jury recommended as punishment twenty-three (23) years imprisonment. The Honorable Tracy Schumacher, District Judge, sentenced Spruill in accordance with the jury's verdict.[2] Spruill now appeals. He raises the following propositions of error on appeal:

I. APPELLANT WAS DENIED HIS CONSTITUTIONAL PROTECTIONS AGAINST SELF-INCRIMINATION THROUGH A DELIBERATE EFFORT BY LAW ENFORCEMENT TO OBTAIN AND RECORD INCRIMINATING STATEMENTS FROM AN INTOXICATED, UNSOPHISTICATED SUSPECT, IN VIOLATION OF THE FEDERAL AND STATE CONSTITUTIONS;

II. THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT WAS NOT ACTING IN SELF-DEFENSE AT THE TIME HE SHOT AND KILLED AARON MCCRAY, MAKING THE EVIDENCE INSUFFICIENT TO SUPPORT HIS CONVICTION; and

III. THE TRIAL COURT ERRED IN REFUSING TO PERMIT DEFENSE USE-OF-FORCE EXPERT TESTIMONY TO AID AND ASSIST THE JURY IN ITS DETERMINATION OF WHETHER APPELLANT WAS ACTING IN SELF-DEFENSE IN THE SHOOTING INCIDENT.

¶2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's Judgment and Sentence is therefore AFFIRMED.

I

¶3 The trial court did not abuse its discretion in denying the motion to suppress Appellant's statements. Johnson v. State, 2012 OK CR 5, ¶ 11, 272 P.3d 720, 726 (reciting standard of review for motion to suppress); Mitchell v. State, 2011 OK CR 26, ¶ 13, 270 P.3d 160, 169 (same). "The Fifth Amendment right [to counsel] arises when one who is in custody is interrogated." Taylor v. State, 2018 OK CR 6, ¶ 6, __P.3d__ (citing Miranda v. Arizona, 384 U.S. 436, 469-70, 86 S. Ct. 1602, 1625-26, 16 L. Ed. 2d 694 (1966)). "Under Miranda, no statement obtained through custodial interrogation may be used against a defendant without a knowing and voluntary waiver of those rights." Taylor, 2018 OK CR 6, ¶ 6 (citing Miranda, 384 U.S. at 444, 86 S. Ct. at 1612).

¶4 The record shows that Appellant was in custody at the time of his various recorded statements; that Appellant requested the presence of counsel repeatedly starting at the moment he was arrested in front of his apartment; that Appellant's statements were unwarned--that is, authorities never read him the warning mandated by Miranda, 384 U.S. at 479, 86 S. Ct. at 1630; and that Appellant refused to sign any waiver indicating that he understood his rights. However, the record also shows that Appellant's statements were not made in response to interrogation from authorities. See Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689-90, 64 L. Ed. 2d 297 (1980) (the term "interrogation" for Miranda purposes "refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."). Rather, Appellant's statements were volunteered to virtually anyone who would listen while he was at the police department. Volunteered statements of any kind are not barred by the Fifth Amendment. Miranda, 384 U.S. at 478, 86 S. Ct. at 1630.

¶5 "Once a suspect in custody has asserted his right to speak only through counsel, all attempts at interrogation must cease. A suspect can, however, change his mind and decide to speak to police without counsel." Underwood v. State, 2011 OK CR 12, ¶ 31, 252 P.3d 221, 238 (internal citation omitted). Here, the State met its burden to prove that Appellant's statements were the product of an essentially free and unconstrained choice by Appellant. Id., 2011 OK CR 12, ¶ 33, 252 P.3d at 238. There is no constitutional prohibition to admission of these statements at trial despite Appellant's requests for counsel, see Frederick v. State, 2001 OK CR 34, ¶¶ 92-93, 37 P.3d 908, 934, or his intoxication. Coddington v. State, 2006 OK CR 34, ¶ 38, 142 P.3d 437, 448. Appellant's argument that he was uninformed of his rights and fearful of authorities when he made these statements is also not supported by the record. Proposition I is denied.

II

¶6 "Self-defense is an affirmative defense which admits the elements of the charge, but offers a legal justification for conduct which would otherwise be criminal." Davis v. State, 2011 OK CR 29, ¶ 95, 268 P.3d 86, 114; 21 O.S.2011, § 733. Pursuant to Oklahoma law, a person is justified in using deadly force if a reasonable person in the circumstances and from the defendant's viewpoint would reasonably have believed that he was in imminent danger of death or great bodily injury. Davis, 2011 OK CR 29, ¶ 95, 268 P.3d at 114. Appellant maintained, from his arrest through trial, that he acted in self-defense and the district court fully instructed the jury on self-defense. Thus, "the State was obligated to prove, beyond a reasonable doubt, that Appellant did not act in self-defense." McHam v. State, 2005 OK CR 28, ¶ 10, 126 P.3d 662, 667.

¶7 The State presented evidence showing that Appellant forced his way inside the victim's apartment after earlier confronting the victim's wife upstairs. The evidence showed Appellant aggressively pounded on the victim's front door while yelling threats and accusing them of abusing their children. The evidence was undisputed that Appellant was intoxicated and had had prior disputes with the victim about noise disturbances. At all times, Appellant was armed with the murder weapon, a fully loaded .38 revolver. True, Appellant testified that he was pulled inside the apartment by the victim. The victim's wife, however, disputed Appellant's version of events. She testified that Appellant stumbled inside the apartment then forcefully resisted and pushed back when the victim told Appellant to leave and attempted to push Appellant back outside. Appellant's own words to authorities, along with the rest of the State's evidence, showed he was the aggressor who instigated this entire deadly affair.

¶8 Self-defense is not available to an aggressor or one who voluntarily enters into a situation armed with a deadly weapon. Davis, 2011 OK CR 29, ¶ 95, 268 P.3d at 115. Nor may self-defense be invoked by one who enters into mutual combat. West v. State, 1990 OK CR 61, ¶ 7, 798 P.2d 1083, 1085. We have also held that a trespasser's right to self-defense arises only after the trespasser has availed himself of every reasonable means of escape from the imminent danger of death or great bodily harm. When Appellant refused to leave after being told by the victim, and forcefully resisted the victim's reasonable efforts to push him outside the apartment, Appellant was clearly a trespasser. Jones v. State, 2009 OK CR 1, ¶ 66, 201 P.3d 869, 886; Walston v. State, 1979 OK CR 69, ¶¶ 6-7, 597 P.2d 768, 770-71.

¶9 The State's evidence established that the victim had an absolute right under these circumstances to defend himself, and his family, using deadly force inside his home. 21 O.S.2011, § 1289.25. "Where there is conflict in the testimony, this Court will not disturb the verdict on appeal if there is competent evidence to support the jury's finding." Davis, 2011 OK CR 29, ¶ 83, 268 P.3d at 112. Taken in the light most favorable to the State, sufficient evidence was presented at trial to allow any rational trier of fact to find beyond a reasonable doubt the absence of self-defense and the existence of the elements of the lesser-included offense of first degree manslaughter. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 560 (1979); Spuehler v. State, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04. Proposition II is denied.

III

¶10 We review a district court's evidentiary rulings for abuse of discretion. Cuesta-Rodriguez v. State, 2010 OK CR 23, ¶ 14, 241 P.3d 214, 224. In this context, an abuse of discretion has been defined as "any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts." Cripps v. State, 2016 OK CR 14, ¶ 4, 387 P.3d 906, 908. Relevant evidence may be excluded under 12 O.S.2011, § 2403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise."

¶11 Here, the probative value of John Boren's proposed expert testimony was substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. It was also cumulative to evidence already presented. The trial court did not abuse its discretion in disallowing this proposed testimony. Appellant was not deprived of his constitutional right to present a complete defense. 12 O.S.2011, §§ 2401-03; 12 O.S.Supp.2013, § 2702; Simpson v. State, 2010 OK CR 6, ¶¶ 9-10, 230 P.3d 888, 895 (and cases cited therein); Pavatt v. State, 2007 OK CR 19, ¶ 42, 159 P.3d 272, 286 (and cases cited therein). Proposition III is denied.

DECISION

¶12 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY
THE HONORABLE TRACY SCHUMACHER, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 MACK K. MARTIN
 AMBER B. MARTIN
 MARTIN LAW OFFICE
 125 PARK AVENUE, 5TH FLOOR
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR DEFENDANT
  
 
 
 MACK K. MARTIN
 AMBER B. MARTIN
 MARTIN LAW OFFICE
 125 PARK AVENUE, 5TH FLOOR
 OKLAHOMA CITY, OK 73102
 COUNSEL FOR APPELLANT
  
 
 
 
 
 DAVID STOCKWELL
 ATTORNEY AT LAW
 119 EAST MAIN
 NORMAN, OK 73069
 COUNSEL FOR DEFENDANT
  
 
 
 MIKE HUNTER
 OKLAHOMA ATTORNEY GENERAL
 THEODORE M. PEEPER
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
  
 
 
 
 
 JOHN PEVEHOUSE
 ZACHARY SIMMONS
 ASSISTANT DISTRICT ATTORNEYS
 201 SOUTH JONES, SUITE 300
 NORMAN, OK 73069
 COUNSEL FOR THE STATE
  
 
  
 
 

OPINION BY: HUDSON, J.
LUMPKIN, P.J.: CONCUR 
LEWIS, V.P.J.: CONCUR
KUEHN, J.: CONCUR
ROWLAND, J.: CONCUR 

FOOTNOTES

[1] Appellant was charged and tried for First Degree Murder. Appellant was convicted, however, of the lesser-included offense of First Degree Manslaughter.

[2] Under 21 O.S.2011, § 13.1, Spruill must serve 85% of the sentence imposed before he is eligible for parole.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1990 OK CR 61, 798 P.2d 1083, WEST v. STATE
Discussed
 1979 OK CR 69, 597 P.2d 768, WALSTON v. STATE
Discussed
 2001 OK CR 34, 37 P.3d 908, 72 OBJ 3509, FREDERICK v. STATE
Discussed
 2005 OK CR 28, 126 P.3d 662, McHAM v. STATE
Discussed
 2006 OK CR 34, 142 P.3d 437, CODDINGTON v. STATE
Discussed
 2007 OK CR 19, 159 P.3d 272, PAVATT v. STATE
Discussed
 2009 OK CR 1, 201 P.3d 869, JONES v. STATE
Discussed
 2010 OK CR 6, 230 P.3d 888, SIMPSON v. STATE
Discussed
 2010 OK CR 23, 241 P.3d 214, CUESTA-RODRIGUEZ v. STATE
Discussed
 2011 OK CR 12, 252 P.3d 221, UNDERWOOD v. STATE
Discussed at Length
 2011 OK CR 26, 270 P.3d 160, MITCHELL v. STATE
Discussed
 2011 OK CR 29, 268 P.3d 86, DAVIS v. STATE
Discussed at Length
 2012 OK CR 5, 272 P.3d 720, JOHNSON v. STATE
Discussed
 2016 OK CR 14, 387 P.3d 906, CRIPPS v. STATE
Discussed
 2018 OK CR 6, 419 P.3d 265, TAYLOR v. STATE
Discussed
 1985 OK CR 132, 709 P.2d 202, SPUEHLER v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence
Cited
 12 O.S. 2702, Testimony by Experts
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 711, First Degree Manslaughter
Cited
 21 O.S. 733, Justifiable Homicide by Other Persons
Cited
 21 O.S. 1289.25, Physical or Deadly Force Against Intruder
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA