APPEARANCES AT TRIAL MACK K. MARTIN, AMBER B. MARTIN, MARTIN LAW OFFICE, 125 PARK AVENUE, 5TH FLOOR, OKLAHOMA CITY, OK 73102, COUNSEL FOR DEFENDANT
DAVID STOCKWELL, ATTORNEY AT LAW, 119 EAST MAIN, NORMAN, OK 73069, COUNSEL FOR DEFENDANT
JOHN PEVEHOUSE, ZACHARY SIMMONS, ASSISTANT DISTRICT ATTORNEYS, 201 SOUTH JONES, SUITE 300, NORMAN, OK 73069, COUNSEL FOR THE STATE
APPEARANCES ON APPEAL MACK K. MARTIN, AMBER B. MARTIN, MARTIN LAW OFFICE, 125 PARK AVENUE, 5TH FLOOR, OKLAHOMA CITY, OK 73102, COUNSEL FOR APPELLANT
MIKE HUNTER, OKLAHOMA ATTORNEY GENERAL, THEODORE M. PEEPER, ASSISTANT ATTORNEY GENERAL, 313 N.E. 21ST STREET, OKLAHOMA CITY, OK 73105, COUNSEL FOR APPELLEE
SUMMARY OPINION
HUDSON, JUDGE:
¶ 1 Appellant, Ethan Johnson Spruill, was tried by a jury and convicted in Cleveland County District Court, Case No. CF-2014-322, of First Degree Manslaughter, in violation of 21 O.S.2011, § 711(2).[1] The jury recommended as punishment twenty-three (23) years imprisonment. The Honorable Tracy Schumacher, District Judge, sentenced Spruill in accordance with the jury's verdict.[2] Spruill now appeals. He raises the following propositions of error on appeal:
I. APPELLANT WAS DENIED HIS CONSTITUTIONAL PROTECTIONS AGAINST SELF-INCRIMINATION THROUGH A DELIBERATE EFFORT BY LAW ENFORCEMENT TO OBTAIN AND RECORD INCRIMINATING STATEMENTS FROM AN INTOXICATED, UNSOPHISTICATED SUSPECT, IN VIOLATION OF THE FEDERAL AND STATE CONSTITUTIONS;
II. THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT WAS NOT ACTING IN SELF-DEFENSE AT THE TIME HE SHOT AND KILLED AARON MCCRAY, MAKING THE EVIDENCE
*755 INSUFFICIENT TO SUPPORT HIS CONVICTION; and
III. THE TRIAL COURT ERRED IN REFUSING TO PERMIT DEFENSE USE-OF-FORCE EXPERT TESTIMONY TO AID AND ASSIST THE JURY IN ITS DETERMINATION OF WHETHER APPELLANT WAS ACTING IN SELF-DEFENSE IN THE SHOOTING INCIDENT.
¶ 2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's Judgment and Sentence is therefore AFFIRMED .
I
¶ 3 The trial court did not abuse its discretion in denying the motion to suppress Appellant's statements. Johnson v. State , 2012 OK CR 5, ¶ 11, 272 P.3d 720, 726 (reciting standard of review for motion to suppress); Mitchell v. State , 2011 OK CR 26, ¶ 13, 270 P.3d 160, 169 (same). "The Fifth Amendment right [to counsel] arises when one who is in custody is interrogated." Taylor v. State , 2018 OK CR 6, ¶ 6, 419 P.3d 265 (citing Miranda v. Arizona , 384 U.S. 436, 469-70, 86 S.Ct. 1602, 1625-26, 16 L.Ed. 2d 694 (1966) ). "Under Miranda , no statement obtained through custodial interrogation may be used against a defendant without a knowing and voluntary waiver of those rights." Taylor , 2018 OK CR 6, ¶ 6, 419 P.3d 265 (citing Miranda , 384 U.S. at 444, 86 S.Ct. at 1612 ).
¶ 4 The record shows that Appellant was in custody at the time of his various recorded statements; that Appellant requested the presence of counsel repeatedly starting at the moment he was arrested in front of his apartment; that Appellant's statements were unwarned-that is, authorities never read him the warning mandated by Miranda , 384 U.S. at 479, 86 S.Ct. at 1630 ; and that Appellant refused to sign any waiver indicating that he understood his rights. However, the record also shows that Appellant's statements were not made in response to interrogation from authorities. See Rhode Island v. Innis , 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed. 2d 297 (1980) (the term "interrogation" for Miranda purposes "refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."). Rather, Appellant's statements were volunteered to virtually anyone who would listen while he was at the police department. Volunteered statements of any kind are not barred by the Fifth Amendment. Miranda , 384 U.S. at 478, 86 S.Ct. at 1630.
¶ 5 "Once a suspect in custody has asserted his right to speak only through counsel, all attempts at interrogation must cease. A suspect can, however, change his mind and decide to speak to police without counsel." Underwood v. State , 2011 OK CR 12, ¶ 31, 252 P.3d 221, 238 (internal citation omitted). Here, the State met its burden to prove that Appellant's statements were the product of an essentially free and unconstrained choice by Appellant. Id ., 2011 OK CR 12, ¶ 33, 252 P.3d at 238. There is no constitutional prohibition to admission of these statements at trial despite Appellant's requests for counsel, see Frederick v. State , 2001 OK CR 34, ¶¶ 92-93, 37 P.3d 908, 934, or his intoxication. Coddington v. State , 2006 OK CR 34, ¶ 38, 142 P.3d 437, 448. Appellant's argument that he was uninformed of his rights and fearful of authorities when he made these statements is also not supported by the record. Proposition I is denied.
II
¶ 6 "Self-defense is an affirmative defense which admits the elements of the charge, but offers a legal justification for conduct which would otherwise be criminal." Davis v. State , 2011 OK CR 29, ¶ 95, 268 P.3d 86, 114 ; 21 O.S.2011, § 733. Pursuant to Oklahoma law, a person is justified in using deadly force if a reasonable person in the circumstances and from the defendant's viewpoint would reasonably have believed that he was in imminent danger of death or great bodily injury.
*756 Davis , 2011 OK CR 29, ¶ 95, 268 P.3d at 114. Appellant maintained, from his arrest through trial, that he acted in self-defense and the district court fully instructed the jury on self-defense. Thus, "the State was obligated to prove, beyond a reasonable doubt, that Appellant did not act in self-defense." McHam v. State , 2005 OK CR 28, ¶ 10, 126 P.3d 662, 667.
¶ 7 The State presented evidence showing that Appellant forced his way inside the victim's apartment after earlier confronting the victim's wife upstairs. The evidence showed Appellant aggressively pounded on the victim's front door while yelling threats and accusing them of abusing their children. The evidence was undisputed that Appellant was intoxicated and had had prior disputes with the victim about noise disturbances. At all times, Appellant was armed with the murder weapon, a fully loaded .38 revolver. True, Appellant testified that he was pulled inside the apartment by the victim. The victim's wife, however, disputed Appellant's version of events. She testified that Appellant stumbled inside the apartment then forcefully resisted and pushed back when the victim told Appellant to leave and attempted to push Appellant back outside. Appellant's own words to authorities, along with the rest of the State's evidence, showed he was the aggressor who instigated this entire deadly affair.
¶ 8 Self-defense is not available to an aggressor or one who voluntarily enters into a situation armed with a deadly weapon. Davis , 2011 OK CR 29, ¶ 95, 268 P.3d at 115. Nor may self-defense be invoked by one who enters into mutual combat. West v. State , 1990 OK CR 61, ¶ 7, 798 P.2d 1083, 1085. We have also held that a trespasser's right to self-defense arises only after the trespasser has availed himself of every reasonable means of escape from the imminent danger of death or great bodily harm. When Appellant refused to leave after being told by the victim, and forcefully resisted the victim's reasonable efforts to push him outside the apartment, Appellant was clearly a trespasser. Jones v. State , 2009 OK CR 1, ¶ 66, 201 P.3d 869, 886 ; Walston v. State , 1979 OK CR 69, ¶¶ 6-7, 597 P.2d 768, 770-71.
¶ 9 The State's evidence established that the victim had an absolute right under these circumstances to defend himself, and his family, using deadly force inside his home. 21 O.S.2011, § 1289.25. "Where there is conflict in the testimony, this Court will not disturb the verdict on appeal if there is competent evidence to support the jury's finding." Davis , 2011 OK CR 29, ¶ 83, 268 P.3d at 112. Taken in the light most favorable to the State, sufficient evidence was presented at trial to allow any rational trier of fact to find beyond a reasonable doubt the absence of self-defense and the existence of the elements of the lesser-included offense of first degree manslaughter. Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) ; Spuehler v. State , 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04. Proposition II is denied.
III
¶ 10 We review a district court's evidentiary rulings for abuse of discretion. Cuesta-Rodriguez v. State , 2010 OK CR 23, ¶ 14, 241 P.3d 214, 224. In this context, an abuse of discretion has been defined as "any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts." Cripps v. State , 2016 OK CR 14, ¶ 4, 387 P.3d 906, 908. Relevant evidence may be excluded under 12 O.S.2011, § 2403"if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise."
¶ 11 Here, the probative value of John Boren's proposed expert testimony was substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. It was also cumulative to evidence already presented. The trial court did not abuse its discretion in disallowing this proposed testimony. Appellant was not deprived of his constitutional right to present a complete defense. 12 O.S.2011, §§ 2401 -03; 12 O.S.Supp.2013, § 2702 ; Simpson v. State , 2010 OK CR 6, ¶¶ 9-10, 230 P.3d 888, 895 *757 (and cases cited therein); Pavatt v. State , 2007 OK CR 19, ¶ 42, 159 P.3d 272, 286 (and cases cited therein). Proposition III is denied.
DECISION
¶ 12 The Judgment and Sentence of the district court is AFFIRMED . Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon delivery and filing of this decision.
LUMPKIN, P.J.: CONCUR
LEWIS, V.P.J.: CONCUR
KUEHN, J.: CONCUR
ROWLAND, J.: CONCUR

Appellant was charged and tried for First Degree Murder. Appellant was convicted, however, of the lesser-included offense of First Degree Manslaughter.

Under 21 O.S.2011, § 13.1, Spruill must serve 85% of the sentence imposed before he is eligible for parole.