HAMMICK v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HAMMICK v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HAMMICK v. STATE
2019 OK CR 21
449 P.3d 1272
Case Number: F-2018-221
Decided: 09/12/2019
KENNETH MERLE HAMMICK, II, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 21, 449 P.3d 1272

 

 

O P I N I O N

ROWLAND, JUDGE:

¶1 Appellant Kenneth Merle Hammick, II appeals his Judgment and Sentence from the District Court of Rogers County, Case No. CF-2015-327, for Robbery with a Dangerous Weapon (Count 1), in violation of 21 O.S.2011, § 801; Burglary in the First Degree (Count 2), in violation of 21 O.S.2011, § 1431; and Larceny of an Automobile (Count 3), in violation of 21 O.S.2011, § 1720, each after former conviction of two or more felonies. The Honorable J. Dwayne Steidley, District Judge, presided over Hammick's jury trial and sentenced him, in accordance with the jury's verdict, to thirty-eight years imprisonment on Count 1, twenty years imprisonment on Count 2, and nine years imprisonment on Count 3.[1] Judge Steidley awarded credit for time served and further ordered the sentences to run concurrently. Hammick appeals raising the following issues:

(1) whether the district court erred when it refused to suppress his inculpatory statements to law enforcement;

(2) whether his conviction was based upon an impermissibly suggestive identification procedure; and

(3) whether the district court erred in admitting other crimes evidence under the res gestae exception.

¶2 We find relief is not required and affirm the Judgment and Sentence of the district court.

Facts

¶3 The evidence showed Hammick broke into a Claremore, Oklahoma home on May 10, 2015, and robbed its three occupants at gunpoint. He fled the scene by stealing the car of one of the victims. Two of the three victims identified Hammick as the perpetrator from a six-person photographic lineup within days after the crime. Knowing police would be on the lookout for the stolen car, Hammick abandoned it soon after the robbery. He attempted, without success, to steal another car, but nevertheless took a nine millimeter pistol from that car's console. The next day, a Claremore police officer responded to a trespassing call involving a suspicious man hiding in some bushes; he discovered Hammick there. After his arrest, Hammick denied any involvement in the home invasion robbery during his initial interview. He later expressed a desire for counsel. When investigators subsequently executed a search warrant for a DNA sample, it was Hammick who initiated conversation with them and ultimately made several incriminating statements. A month after that interview, he asked to speak to investigators again and this time made a full confession. He directed investigators to the gun he had pilfered and attempted, without success, to direct them to the clothing he was wearing during the robbery.

1. Admission of Inculpatory Statements

¶4 Hammick contends the district court's refusal to suppress his inculpatory statements from his latter two police interrogations was error because he had invoked his right to counsel.[2] He contends his inculpatory statements to police "were not given after a knowing and voluntary waiver of his right to an attorney." He preserved this claim for review. We review district court rulings on motions to suppress for an abuse of discretion. Terry v. State, 2014 OK CR 14, ¶ 6, 334 P.3d 953, 955. "We review the district court's legal conclusions de novo, and its factual findings for clear error, viewing the evidence in the light most favorable to the State." Id.

¶5 The district court held a Jackson v. Denno[3] hearing to consider the admissibility of Hammick's confessions. Under Jackson-Denno, the district court must decide: 1) whether relinquishment of Fifth Amendment rights was voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and 2) whether the waiver was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Runnels v. State, 2018 OK CR 27, ¶ 42, 426 P.3d 614, 624. Once a suspect invokes his Fifth Amendment rights, he "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Taylor v. State, 2018 OK CR 6, ¶ 10, 419 P.3d 265, 269 (quoting Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981). See also Underwood v. State, 2011 OK CR 12, ¶ 33, 252 P.3d 221, 238-39: (holding defendant's statements were voluntary, despite prior request for counsel, because he initiated conversation with law enforcement).

¶6 The district court found Hammick's inculpatory statements were not obtained in violation of his right to counsel because he initiated the conversations with investigators on both occasions and knowingly waived his right to counsel each time. A suspect may make a clear invocation of the right to counsel when interrogation is initiated or he may waive the right provided he does so voluntarily, knowingly, and intelligently. See Montejo v. Louisiana, 556 U.S. 778, 786, 129 S.Ct. 2079, 2085, 173 L.Ed.2d 955 (2009). When a suspect, after invoking his right to counsel, chooses to speak with police without counsel present, the burden is on the State to show the suspect's change of mind was "voluntary and intelligent." Underwood, 2011 OK CR 12, ¶ 31, 252 P.3d at 238. Whether a suspect's statements to police were voluntary depends on an evaluation of all surrounding circumstances, including the characteristics of the accused and the details of the interrogation. Id. at ¶ 33, 252 P.3d at 238.

¶7 Hammick asserts his confession was induced by his understanding that cooperation would result in less jail time. Hammick's allegation of coercion is without merit. Both investigators testified they made no threats and offered no specific inducements to get Hammick to talk. Hammick was oriented in time and place and appeared capable of understanding his circumstances and rights. The investigators honored Hammick's request not to be interrogated in the absence of counsel until he reinitiated conversation with them. All three interviews were recorded and there was no evidence of coercion or specific inducements made by investigators in this case. Based on this record, we find no error in the admission of Hammick's inculpatory statements. This claim is denied.

2. Identification Procedure

¶8 Hammick presumes for purposes of this claim that we will agree his confessions were erroneously admitted. He then argues that the photo lineup procedure was impermissibly suggestive and violated his right to due process. Without the identification evidence and his confessions, he maintains the evidence was insufficient to support his convictions. According to Hammick, the fact that he was the only suspect with a neck tattoo, that his photo was placed in the first position, and that his photo was the only one taken outdoors increased the likelihood of misidentification and affected the overall reliability of the victims' identification. Because he did not challenge the suggestiveness of the photo lineup below, review is for plain error only. Harmon v. State, 2011 OK CR 6, ¶ 42, 248 P.3d 918, 935. Hammick has the burden in plain error review to demonstrate that an error, plain or obvious under current law, adversely affected his substantial rights. Murphy v. State, 2012 OK CR 8, ¶ 18, 281 P.3d 1283, 1290 (citing Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923). Only if he does so will this Court entertain correcting the error provided the error seriously affected the fairness, integrity or public reputation of the judicial proceedings or represented a miscarriage of justice. Id.

¶9 Hammick's claim--that the lineup was impermissibly suggestive because he was the only suspect with a neck tattoo--requires no relief. In Leigh v. State, 1985 OK CR 41, ¶ 6, 698 P.2d 936, 938, this Court held that the challenged lineup procedure was impermissibly suggestive because the accused was the only man included without facial hair. Although the lineup fell short of established requirements, we held the identification was nevertheless admissible because the witnesses' identification testimony was independently reliable. Id. at ¶¶ 7-10, 698 P.2d at 938 (finding testimony identifying the defendant as the gunman properly received, despite corrupting influence of suggestive photo array). Factors to consider in deciding whether an in-court identification is independently reliable and not the result of a suggestive pretrial identification are: 1) the opportunity to view the suspect at the time of the crime; 2) the witness' degree of attention; 3) accuracy of the witness' prior description; 4) level of certainty demonstrated by the witness; and 5) the length of time between crime and confrontation. Neil v. Biggers, 409 U.S. 188, 199--200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

¶10 The victims' testimony in this case was independently reliable as in Leigh. Both victims testified they got a good look at the robber. One paid particularly close attention to the robber's face in an effort to recall where he had previously seen Hammick. He also described Hammick's clothing. His description was corroborated by the other victim who gave the same general description. Her description was even more detailed because she identified the brand of Hammick's athletic shoes, which the investigator said matched the tread pattern of the muddy footprints on the seat and driver-side door of the car stolen by the robber. Both victims were certain in their identifications days after the crime and the record shows neither victim identified Hammick based solely on his neck tattoo. The fact that only two of the three victims identified Hammick in the lineup likewise weakens his claim that the lineup was unfairly suggestive. His photo did not obviously stand out or point to him as the culprit. Having reviewed the factors enumerated above, we find the factors weigh in favor of finding the victims' in-court identifications were independently reliable and admissible.

¶11 Next, Hammick contends because his photo was placed in the first position that the lineup was impermissibly suggestive. The record does not establish the order the photographs were displayed and shows only that the investigator placed Hammick's photo "among" five others. None of the victims mentioned the order in which the photos were displayed during the lineup. Even if Hammick's photo was in the first position, he cites no authority holding that a suspect's photo cannot be in the first position out of concerns of suggestiveness. This contention is without merit.

¶12 Finally, Hammick contends that because his photo was the only one taken outdoors that the lineup was impermissibly suggestive. The record belies his claim. Although the subjects in the lineups shown to the victims were not identical, two photos included in each lineup were also taken outdoors. (State's Exhibits 13--14). Accordingly, the background of Hammick's photo did not make it unfairly stand out.

¶13 This Court requires only that suspects in lineups possess the same general physical characteristics as the accused and that substantial compliance with physical similarity guidelines suffices to protect due process. Peters v. State, 1986 OK CR 138, ¶ 11, 725 P.2d 1276, 1278. Every photo in the lineup was of a thin, white male with dark hair wearing similar clothing. The challenged lineup was not so unfairly suggestive because of Hammick's visible neck tattoo that it gave rise to a likelihood of irreparable misidentification. The identifications by the two victims were independently reliable. Both had an opportunity to see Hammick during the commission of his crimes, paid close attention to his appearance and features, and were certain in their identifications of him when shown the lineup and in the courtroom. Hammick has failed to establish the commission of any error, plain or otherwise, that affected the outcome of his trial. This claim is denied. Hogan, 2006 OK CR 19, ¶ 38, 139 P.3d at 923.

3. Other Crimes Evidence

¶14 Hammick contends he was denied a fair trial from the admission of other crimes evidence. He contends the district court erred in admitting, under the res gestae exception, evidence of a pistol theft he committed the day after the charged crimes. He argues that exception does not apply because the charged acts and pistol theft were separated by time and location and were unconnected, i.e. he did not use the stolen pistol to perpetrate the charged acts. He also argues that the stolen pistol evidence was more prejudicial than probative.

¶15 The district court admitted the stolen pistol and photos of it, over objection, finding Hammick's theft of the pistol was part of a continuing series of related events. Witness testimony and argument concerning Hammick's theft of the pistol was admitted without objection. We review evidentiary rulings preserved by objection for an abuse of discretion. Spruill v. State, 2018 OK CR 25, ¶ 10, 425 P.3d 753, 756. "An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue." State v. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194. We review admission of evidence and argument not met with an objection for plain error only under the test cited above.

¶16 This Court has held that evidence is admissible under the res gestae exception when "a) it is so closely connected to the charged offense as to form part of the entire transaction; b) it is necessary to give the jury a complete understanding of the crime; or c) when it is central to the chain of events." Eizember v. State, 2007 OK CR 29, ¶ 77, 164 P.3d 208, 230. See also Neill v. State, 1994 OK CR 69, ¶ 36, 896 P.2d 537, 550--551 (stating evidence of other crimes is admissible as res gestae where the evidence forms part of "an entire transaction" or where there is a "logical connection" with charged offenses).

¶17 The State introduced evidence related to the pistol theft because of its proximity to the robbery. Admission of the pistol evidence gave the jury a more complete understanding of the crime and the chain of events. Evidence of the pistol theft and recovery of the pistol corroborated Hammick's June 9th confession and tended to prove he committed the charged crimes. He directed investigators to the buried pistol's location which coincidentally was in the same place he had been arrested for public intoxication the day after the charged robbery.

¶18 Hammick's contention that the pistol evidence was more prejudicial than probative is also unpersuasive. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Harmon, 2011 OK CR 6, ¶ 48, 248 P.3d at 936--37; 12 O.S.2011, § 2403. The Court gives proposed evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. Harmon, 2011 OK CR 6, ¶ 48, 248 P.3d at 937. As noted above the stolen pistol evidence corroborated Hammick's June 9th confession and we find its probative value was not substantially outweighed by the danger of unfair prejudice. 12 O.S.2011, § 2403.

¶19 Moreover, Hammick cannot show any prejudice from admission of images or testimony about the stolen pistol because of the overwhelming evidence of his guilt, namely his confession and the victims' testimony. The district court instructed the jury not to consider the pistol evidence in deciding guilt, but only in reference to Hammick's motive, intent, preparation, common scheme or plan. We presume the jury followed that instruction. See Sanders v. State, 2015 OK CR 11, ¶ 15, 358 P.3d 280, 285. Nor is there any evidence the jury inflated Hammick's sentence because of the pistol evidence. It recommended the minimum sentence on Counts 2 and 3 and a sentence well within the range of punishment on Count 1.[4] Hammick has not shown any error, plain or otherwise. Accordingly, this claim is denied.

DECISION

¶20 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2019), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
THE HONORABLE J. DWAYNE STEIDLEY, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 TIMOTHY D. WANTLAND
 ATTORNEY AT LAW
 200 S. LYNN RIGGS BLVD.
 CLAREMORE, OK 74017
 COUNSEL FOR DEFENDANT
 
 
 NICOLLETTE BRANDT
 APPELLATE DEFENSE
 COUNSEL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 ZACHARY T. CABELL
 ASSISTANT DISTRICT
 ATTORNEY
 200 S. LYNN RIGGS BLVD.
 CLAREMORE, OK 74017
 COUNSEL FOR STATE
 
 
 MIKE HUNTER
 ATTORNEY GENERAL
 OF OKLAHOMA
 KATHERINE R. MORELLI
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: ROWLAND, J.
LEWIS, P.J.: Concur
KUEHN, V.P.J.: Concur
LUMPKIN, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Under 21 O.S.Supp.2015, § 13.1, Hammick must serve 85% of his sentence of imprisonment on Counts 1 and 2 before he is eligible for parole consideration.

[2] Hammick does not challenge the first interview because he made no incriminating statements during it.

[3] 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)(establishing a defendant's right to a hearing on the voluntariness of his confession).

[4] The proper range of punishment for a person with five prior felony convictions on Count 1 is twenty years to life, on Count 2 is twenty years to life, and on Count 3 is nine years to life. 21 O.S.2011, §§ 51.1(B), (C), 801, 1431, 1720.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 69, 896 P.2d 537, NEILL v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed at Length
 2007 OK CR 29, 164 P.3d 208, EIZEMBER v. STATE
Discussed
 2011 OK CR 6, 248 P.3d 918, HARMON v. STATE
Discussed at Length
 2011 OK CR 12, 252 P.3d 221, UNDERWOOD v. STATE
Discussed at Length
 2012 OK CR 8, 281 P.3d 1283, MURPHY v. STATE
Discussed
 2013 OK CR 5, 298 P.3d 1192, STATE v. DELSO
Discussed
 2014 OK CR 14, 334 P.3d 953, STATE v. TERRY
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed
 2018 OK CR 6, 419 P.3d 265, TAYLOR v. STATE
Discussed
 2018 OK CR 25, 425 P.3d 753, SPRUILL v. STATE
Discussed
 2018 OK CR 27, 426 P.3d 614, RUNNELS v. STATE
Discussed
 1985 OK CR 41, 698 P.2d 936, LEIGH v. STATE
Discussed
 1986 OK CR 138, 725 P.2d 1276, PETERS v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Cumulative Nature of Evidence
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 51.1, Punishment for Second and Subsequent Offenses after Conviction of Offense Punishable by Imprisonment in State Penitentiary
Cited
 21 O.S. 801, Robbery or Attempted Robbery with Dangerous Weapon or Imitation Firearm - Punishment
Cited
 21 O.S. 1431, Burglary in First Degree
Cited
 21 O.S. 1720, Theft of Aircraft, Automobile, Automotive Driven Vehicle, or Construction or Farm Equipment
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA