OSCN Found Document:SWAGER v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 SWAGER v. STATE
2024 OK CR 12
548 P.3d 794
Case Number: F-2022-620
Decided: 05/02/2024
KEVIN SWAGER, Appellant v. STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 12, 548 P.3d 794

 

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Kevin Swager, was tried and convicted by a jury in the District Court of Delaware County, Case No. CF-2021-92, of Count 1: Child Sexual Abuse -- Victim Under Twelve (Rape in the First Degree by Instrumentation), in violation of 21 O.S.Supp.2019, § 843.5; and Count 2: Child Sexual Abuse -- Victim Under Twelve (Lewd Molestation), in violation of 21 O.S.Supp.2019, § 843.5. The jury sentenced Swager to twenty-five years imprisonment on each of the two counts.

¶2 The Honorable Barry V. Denny, District Judge, presided at trial and pronounced judgment and sentence in accordance with the jury's verdicts. Judge Denny ordered the sentences to run consecutively and suspended all but the first ten years of Appellant's Count 2 sentence. The court further ordered credit for time served and imposed various costs and fees. Pursuant to Title 21 O.S.Supp.2015, § 13.1, Swager must serve 85% of his sentences before he is parole eligible.

¶3 Swager now appeals and raises two propositions of error before this Court: (1) his confession was involuntary, and its admission into evidence was error; and (2) the victim impact statement alleged harm from acts outside those charged and tainted the trial court's punishment decision.

¶4 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find no relief is required under the law and evidence. Appellant's judgment and sentence is AFFIRMED.

¶5 Proposition I. Appellant complains his confession was involuntary, and its admission into evidence was error. Appellant specifically argues Investigator Brandon Houston coerced his confession by promising to help him and preying on his mental weaknesses.[1]

¶6 Appellant did not file a pre-trial motion to suppress his statements. At a pre-trial motion hearing held on April 1, 2022, defense counsel orally requested a Jackson v. Denno[2] hearing after the State announced its intent to introduce Appellant's interview with Inv. Houston at trial. With the parties' approval, the trial court conducted the hearing at that time. During the hearing, Appellant presented no specific arguments challenging the voluntariness of his statements. More specifically, he did not assert that Appellant's confession was coerced by Inv. Houston by promising to help him and exploiting his mental weaknesses.[3] The trial court took the issue under advisement to review the recording of the interview. The trial court subsequently ruled in a written order that Appellant's statements were voluntary and admissible at trial. At trial, defense counsel renewed the same objection he raised previously at the motion hearing to the videotaped interview--State's Exhibit 2.[4]

¶7 Appellant's general pre-trial and contemporaneous objections were insufficient to preserve his current claim on appeal that his confession was coerced by Inv. Houston. Our review of this issue is thus limited to plain error. Parker v. State, 2021 OK CR 17, ¶ 16, 495 P.3d 653, 661. To show plain error, Appellant must show an actual or obvious error affecting his substantial rights, meaning it affected the outcome of the proceedings. Gillioms v. State, 2022 OK CR 3, ¶ 18, 504 P.3d 613, 619. Even then, we will correct plain error only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id. See 20 O.S.2021, § 3001.1. Appellant fails to show an actual or obvious error based on the trial court's admission of State's Exhibit 2.

¶8 "Under Jackson-Denno, the district court must decide: 1) whether relinquishment of Fifth Amendment rights was voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and 2) whether the waiver was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Hammick v. State, 2019 OK CR 21, ¶ 5, 449 P.3d 1272, 1274-75 (citing Runnels v. State, 2018 OK CR 27, ¶ 42, 426 P.3d 614, 624). In particular, "we consider whether the district court's ruling 'is supported by competent evidence of the voluntary nature of the statement.'" Johnson v. State, 2012 OK CR 5, ¶ 15, 272 P.3d 720, 727 (quoting Davis v. State, 2004 OK CR 36, ¶ 34, 103 P.3d 70, 80).

¶9 A statement is voluntary when it is the product of an essentially free and unconstrained choice by its maker. Crawford v. State, 1992 OK CR 62, ¶ 28, 840 P.2d 627, 635 (citing Malloy v. Hogan, 378 U.S. 1, 7 (1964) (the proper inquiry is whether the confession was free and voluntary, i.e., it "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence")). "To determine whether the maker's will was overborne, the court must look to the totality of the surrounding circumstances, both the characteristics of the accused and the details of the interrogation." Id. (citing Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973)). "The dispositive inquiry is whether police misconduct contributed to the confession." Gilbert v. State, 1997 OK CR 71, ¶ 42, 951 P.2d 98, 111.

¶10 Appellant asserts on appeal that Inv. Houston used coercive interviewing techniques to obtain his confession. Appellant points to Houston's comments (1) that he believed Appellant was a good person who made a bad decision; (2) that he did not believe Appellant was evil; (3) that he wanted to help Appellant show the "District Attorney's office and the twelve people that are watching" that he was not evil and calculating; (4) that he could not make any promises to Appellant, but he could tell the District Attorney's office that Appellant was genuine, remorseful, helpful and maybe needed some help; and (5) that he was a "buffer between [Appellant] and the judicial system."

¶11 A review of the video shows that Appellant understood each of the rights described in the Miranda warning and that his subsequent statements were voluntary. Appellant was aware of what rights he possessed and that he could stop the questioning at any time. Inv. Houston was respectful and amiable to Appellant throughout the interview. Houston's interview tactics, when viewed in context, were also well within the bounds of acceptable police interview practices, and Appellant's statements were voluntarily made. See Underwood v. State, 2011 OK CR 12, ¶ 33, 252 P.3d 221, 238 ("Whether a suspect's statements to police are voluntary in the legal sense depends on an evaluation of all the surrounding circumstances, including the characteristics of the accused and the details of the interrogation."); Darity v. State, 2009 OK CR 27, ¶ 13, 220 P.3d 731, 735 ("nothing in the Oklahoma Statutes or Constitution requires that police always deal truthfully with the targets of criminal investigations"); Young v. State, 1983 OK CR 126, ¶ 15, 670 P.2d 591, 595 (finding that "statements that people would think better of the accused if he told the truth" are the type of "advice or exhortation by the police" that do "not render a subsequent confession involuntary.").

¶12 By their very nature, criminal interrogations are designed to and geared toward convincing persons to admit truths they may not want to confess. Here, Inv. Houston made no promises or threats, express or implied, to Appellant. Indeed, Inv. Houston explicitly informed Appellant, "I can't make you any promises." The comments at issue fall within acceptable interrogation techniques and were not coercive. Underwood, 2011 OK CR 12, ¶ 34, 252 P.3d at 239 ("Mere exhortations to cooperate and tell the truth, not accompanied by any threat or promise, do not render a confession involuntary.").

¶13 Appellant also asserts Inv. Houston "failed to control [sic] for [Appellant's] mental illness struggles, including a clearly-expressed suicidal ideation ongoing during the interview."

¶14 "Mental state is a factor to consider in determining the admissibility of confessions." McGregor v. State, 1994 OK CR 71, ¶ 14, 885 P.2d 1366, 1377. The pertinent inquiry is whether Inv. Houston exploited Appellant's mental state to obtain his confession. See Harjo v. State, 1994 OK CR 47, ¶ 9, 882 P.2d 1067, 1072 ("Coercion is that which overcomes the will of the confessor, and necessarily includes police overreaching."); id. at ¶ 10 ("Overreaching has been found and condemned where the police exploit an accused's reduced mental state."). We find that Inv. Houston did not as there is no evidence of exploitation or overreaching which would render Appellant's interview coercive.

¶15 When the interview commenced, there is nothing to indicate that Appellant was suffering from any mental health issues. He only seemed to mention suicide when he realized the extent of his legal troubles. Appellant's statement, "I have no point to live anymore," was made after he realized Inv. Houston had talked with his family. It was then he asked Inv. Houston if his wife had told him he "ended up going suicidal once." Inv. Houston acknowledged that she had and that she had indicated it had occurred a month or two before. Appellant explained that he was depressed at the time, and was still "kind of" depressed, but not as much as he was back then. The possibility of any present thoughts of suicide did not arise until after Appellant was informed that he was being placed under arrest at which time he stated something to the effect of "It's no wonder why I couldn't go suicidal, yep," and then lamenting, "There's nothing I can look forward to, it's all the same," and "The words 'arrested' was the last things [sic] I needed to hear for me to give up on everything. No boat, no truck, no fuckin' need."

¶16 There is no indication from the videotape of the interview that Appellant was impaired or suffered a reduced mental state or that Inv. Houston knew or believed this to be the case during the interview. See Gilbert, 1997 OK CR 71, ¶ 44, 951 P.2d at 112 ("While Appellant may have been in a depressed state, there is no indication that he was under any undue stress or that his emotional condition was so fragile that [the agent's] statements could have overtaken his will."); McGregor, 1994 OK CR 7, ¶ 17, 885 P.2d at 1378 ("Even if [the defendant] was insane, his confession is voluntary absent actual police coercion; police must take advantage of his alleged mental state to obtain his statement."). Interviewers cannot exploit a deficit of which they are unaware.

¶17 All things considered, Appellant fails to show the trial court erred when it allowed his statements to be admitted at trial. Nothing in the video suggests coercion or involuntariness resulting from deception, trickery or overreaching. Appellant's custodial statements were not the product of coercion. Instead, they were knowingly and voluntarily made. Because there was no error, there is no plain error. Proposition I is denied.

¶18 Proposition II. Appellant complains the victim impact statement delivered by the victim's mother, D.C., at formal sentencing "went far beyond discussing the impact of [Appellant's] acts upon [the victim] and the family." In addition to addressing the Appellant's crimes against her daughter, D.C. alleged in her statement that Appellant had physically and emotionally abused the couple's three sons, J.S., S.S., and H.S. Appellant argues on appeal these "inflammatory and unsupported allegations at sentencing" tainted the trial court's punishment decision violating his right to due process. To show harm, Appellant points to the fact that the trial court ordered Appellant's sentences to run consecutively.

¶19 Our review of this issue is limited to plain error because Appellant did not register an objection when D.C. read her victim impact statement at the sentencing proceeding. Appellant fails to show actual or obvious error affecting his substantial rights with this claim.

¶20 To the extent D.C.'s statements went beyond the scope of victim impact evidence (see 21 O.S.2021, §§ 142A-1(1) and 1(8); 21 O.S.2021, § 142A-8(A)), relief is not warranted in this case. First, nothing in the record indicates that Judge Denney considered the extraneous allegations contained in D.C.'s victim impact statement in sentencing Appellant for his crimes against L.S. See Magnan v. State, 2009 OK CR 16, ¶ 51, 207 P.3d 397, 412, overruled on other grounds in Deo v. Parish, 2023 OK CR 20, 541 P.3d 833 ("Unlike jurors, a judge is presumed to know the law[.]"); Riley v. State, 1997 OK CR 51, ¶ 21, 947 P.2d 530, 535 ("[W]hile the trial judge offers no factors used in making his decision to impose consecutive sentences, unless proven otherwise, we will presume his decision was in compliance with the law and without passion or prejudice.").

¶21 Second, even if the trial court did consider the allegations of other offenses contained in D.C.'s victim impact statement, nothing in the record suggests that Judge Denney was so overwhelmed or hopelessly distracted by these allegations that his sentencing decision was a result of "an unreasonable emotional response." See Lott v. State, 2004 OK CR 27, ¶ 114, 98 P.3d 318, 348 (finding improperly admitted victim impact testimony introduced in the sentencing stage of a capital trial did not cause "the verdict to be the result of an unreasonable emotional response."). Indeed, the sentence imposed by the trial court refutes any such notion. Given the facts and circumstance of this case, that the trial court suspended a significant portion of Appellant's Count 2 sentence and granted him credit for time served shows that the court was not improperly influenced by the victim impact statement.

¶22 Appellant fails to show plain error warranting relief. Proposition II is denied.

DECISION

¶23 The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM 
THE DISTRICT COURT OF DELAWARE COUNTY
THE HONORABLE BARRY V. DENNEY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL

 TERRY ALLEN, JR.
 ATTORNEY AT LAW
 112-B NORTH VANN
 PRYOR, OK 74361
 COUNSEL FOR DEFENDANT

 GEORGIA DUFFIELD
 ATTORNEY AT LAW
 P.O. BOX 450398
 GROVE, OK 74345
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 SIMON CASSEL
 OKLA. INDIGENT DEFENSE
 SYSTEM
 111 N. PETERS AVE.,
 SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 
 BRYCE LAIR
 LAURA DEYOUNG
 ASST. DISTRICT ATTORNEYS
 DELAWARE COUNTY
 327 S. 5TH STREET
 JAY, OK 74346
 COUNSEL FOR THE STATE
 
 
 GENTNER F. DRUMMOND
 OKLA. ATTORNEY GENERAL
 KEELEY L. MILLER
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, J.
ROWLAND, P.J.: CONCUR
MUSSEMAN, V.P.J.: CONCUR
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR

FOOTNOTES

[1] To the extent Appellant also argues that his "errantly-admitted confession" tainted the trial court's decision to admit L.S.'s forensic interview, this issue is waived from appellate review. Combining multiple issues in a single proposition of error in this manner violates Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024) ("Each proposition of error shall be set out separately in the brief . . . Failure to list an issue pursuant to these requirements constitutes waiver of alleged error."); Collins v. State, 2009 OK CR 32, ¶ 32, 223 P.3d 1014, 1023 ("Under our recently revised Rule 3.5(A)(5), combining multiple issues in a single proposition is clearly improper and constitutes waiver of the alleged errors."). Relief is denied for this superfluous issue, and we solely review his primary claim that his confession was involuntary.

[2] 378 U.S. 368 (1964) (establishing a defendant's right to a hearing on the voluntariness of his inculpatory statements or confession).

[3] The extent of the testimony elicited from Inv. Houston by defense counsel during the Jackson-Denno hearing was that Appellant did not appear to be under the influence of alcohol or drugs; he only became agitated or uncomfortable when he realized he was being taken into custody; he never asked to stop the interview; and he stated that he was suicidal about a month before the interview.

[4] Appellant's written waiver of his Miranda rights was entered into evidence without objection at trial.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1992 OK CR 62, 840 P.2d 627, 
CRAWFORD v. STATE
Discussed

 
1994 OK CR 7, 868 P.2d 743, 
STATE EX REL. CORGAN v. KING
Cited

 
1994 OK CR 47, 882 P.2d 1067, 
HARJO v. STATE
Discussed

 
1994 OK CR 71, 885 P.2d 1366, 
McGREGOR v. STATE
Discussed

 
2004 OK CR 27, 98 P.3d 318, 
LOTT v. STATE
Discussed

 
2004 OK CR 36, 103 P.3d 70, 
DAVIS v. STATE
Discussed

 
2009 OK CR 16, 207 P.3d 397, 
MAGNAN v. STATE
Discussed

 
2009 OK CR 27, 220 P.3d 731, 
DARITY v. STATE
Discussed

 
2009 OK CR 32, 223 P.3d 1014, 
COLLINS v. STATE
Discussed

 
2011 OK CR 12, 252 P.3d 221, 
UNDERWOOD v. STATE
Discussed at Length

 
2012 OK CR 5, 272 P.3d 720, 
JOHNSON v. STATE
Discussed

 
2018 OK CR 27, 426 P.3d 614, 
RUNNELS v. STATE
Discussed

 
2019 OK CR 21, 449 P.3d 1272, 
HAMMICK v. STATE
Discussed

 
2021 OK CR 17, 495 P.3d 653, 
PARKER v. STATE
Discussed

 
2022 OK CR 3, 504 P.3d 613, 
GILLIOMS v. STATE
Discussed

 
2023 OK CR 20, 541 P.3d 833, 
DEO v. PARISH
Cited

 
1983 OK CR 126, 670 P.2d 591, 
YOUNG v. STATE
Discussed

 
1997 OK CR 51, 947 P.2d 530, 68 OBJ 3119, 
Riley v. State
Discussed

 
1997 OK CR 71, 951 P.2d 98, 68 OBJ 3891, 
Gilbert v. State
Discussed at Length

Title 20. Courts

 
Cite
Name
Level

 
20 O.S. 3001.1, 
Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 843.5, 
Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties - Definitions
Discussed

 
21 O.S. 142A-1, 
Definitions
Cited

 
21 O.S. 142A-8, 
Victim Impact Statements
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA